# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23111-COOKE/DAMIAN

WEST PARK VIEW CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff,

vs.

CENTURY SURETY COMPANY,

      Defendant.

_____/

## REPORT AND RECOMMENDATIONS ON PLAINTIFF'S
## MOTION FOR ENTITLEMENT TO ATTORNEY'S FEES AND COSTS

THIS CAUSE is before the Court on Plaintiff, West Park View Condominium Association, Inc.'s ("Plaintiff" or "Insured"), Motion for Entitlement to Attorney's Fees and Costs [ECF No. 15] (the "Motion"). This matter was referred to the undersigned for a Report and Recommendation by the Honorable Marcia G. Cooke, United States District Judge. [ECF No. 3, at 5]. *See* 28 U.S.C. § 636.

The undersigned has considered the Motion, the Response [ECF No. 16], and the pertinent portions of the record and is otherwise fully advised in the premises. For the reasons set forth below, the undersigned recommends that Plaintiff's Motion be denied without prejudice on the grounds it is premature.

## I.   BACKGROUND

### A.  *Factual Background*

In this first-party insurance dispute, Plaintiff filed a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida seeking to compel

Defendant, Century Surety Company ("Defendant" or "Insurer"), to participate in the appraisal of a claim for insurance proceeds (Count I) and seeking damages for breach of an insurance contract (Count II). *See* ECF No. 1-2 (the "Complaint"). The coverage dispute arose from damages to Plaintiff's property allegedly caused by an explosion at a condominium building.

As alleged in the Complaint, Plaintiff operated a condominium association for a building located in Hialeah, Florida, (the "Property"), which was insured by a commercial lines insurance policy issued by Defendant for the policy period of December 31, 2019, to December 31, 2020 (the "Policy"). *See* Complaint, at ¶ 4. Plaintiff alleges that on May 26, 2020, there was an explosion at the condominium that caused damages. *Id.* ¶ 5. Plaintiff reported a loss to Defendant, and Defendant commenced an investigation. *Id.* ¶ 6.

On January 22, 2021, after investigating the claim, Defendant determined that certain items in the Insured's damages estimate, which totaled $101,194.87, were not covered under the Policy. *Id.* ¶ 7. Defendant afforded coverage and issued payment to Plaintiff for undisputed repairs to the Property in an amount totaling $433.51, after applying the Policy's $2,500 deductible. *Id.* ¶ 8. Since the Parties disagreed as to the amount of the covered damages, Defendant invoked appraisal pursuant to the Policy. *See id.* ¶¶ 9–10; *see also* ECF 15-1.

Thereafter, Plaintiff's public adjuster sent a revised estimate of the damages in the amount of $308,255.40. *See* ECF No. 1-2, at 80. On June 4, 2021, Defendant provided a supplemental partial disclaimer of coverage notifying Plaintiff that the damages claimed in the revised estimate, other than the undisputed repairs for which Defendant had afforded coverage, were not covered under the Policy. *Id.* Defendant also requested a roof inspection

and a sworn proof of loss. *Id.* at 80–81. Plaintiff submitted a sworn proof of loss on June 17, 2021, with a newly revised estimate of damages of $870,079.98. *See* ECF No. 1-5.

Defendant then provided a final coverage determination on December 28, 2021, and enclosed a check for $3,773.29. *See* ECF No. 10-1, at 4. Defendant notified Plaintiff that the payment was for certain items it determined were covered and identified specific items in the appraisal that were not covered by the Policy. *See id.* at 5. Defendant also acknowledged coverage for Plaintiff's reasonable statutory attorney's fees up to the time of payment of the appraisal award.

### B. Procedural Background

Plaintiff filed the Complaint on June 30, 2021, seeking to compel appraisal and for damages for breach of the insurance contract. *See* Complaint, at 2. On August 27, 2021, Defendant removed the Complaint to this Court. ECF No. 1. Shortly thereafter, on September 3, 2021, the Parties filed an Agreed Motion to Stay Proceedings Pending Completion of Appraisal and For a Line-Item Appraisal Award. ECF No. 6.

On November 10, 2021, the District Court entered an Order granting the Agreed Motion and staying the case pending completion of the appraisal process. ECF No. 7. The District Court specifically reserved jurisdiction "to determine which elements of the appraisal, if any, are covered under the Policy, and to determine the cause(s) of the damage appraised if there is any post-appraisal disagreement concerning causation for any and all line items included in the appraisal award as entered pursuant to the Policy and applicable law, and entitlement to attorney's fees." *Id.* at 2.

On December 6, 2021, Plaintiff filed a Notice of Filing Appraisal Award totaling $366,021.58 for Replacement Cost Value. *See* ECF No. 9. This appraisal award was signed

3

by the umpire and Plaintiff's appraiser but not by Defendant's appraiser. *See* ECF Nos. 9-1; 10-1, at 2. The umpire also submitted a line-item estimate identifying the specific items included in the appraisal award in accordance with the Policy's appraisal provisions and the District Court's November 10, 2021, Order. *See* ECF No. 10-1, at 7–40.

On February 7, 2022, the Parties filed a Joint Motion to Lift Stay requesting that the stay be lifted so the parties could "litigate the issue of which of the disputed elements of the appraisal award, if any, are covered under the Policy and any other issues that remain to be resolved on the breach of contract claim." ECF No. 10 at ¶ 7. The Parties contemporaneously filed a Joint Scheduling Report pursuant to Local Rule 16.1(b)(2) and the District Court's Order Regarding Court Practices and Procedures. ECF Nos. 11, 3. The following day, the District Court entered an Order lifting the stay and re-opening the case. ECF No. 12.

On March 3, 2022, Plaintiff filed the Motion now before the Court. ECF No. 15. In the Motion, Plaintiff seeks an Order determining that Plaintiff is entitled to recover reasonable attorney's fees and costs in this action through the completion of appraisal. *See* ECF No. 15. Plaintiff asserts it is entitled to an award of fees and costs pursuant to Section 627.428, Florida Statutes, because its lawsuit "was a catalyst for the completion of appraisal and ultimate payment of the appraisal award." *Id.* at 2. Plaintiff's counsel certifies that she conferred with Defendant's counsel, who agrees that Plaintiff is entitled to reasonable attorney's fees and costs through the completion of appraisal. *Id.* at 3. Nevertheless, Plaintiff states it filed the Motion "in an abundance of caution to preserve the record." *Id.*

In Response, Defendant acknowledges that it agreed to pay Plaintiff's reasonable attorney's fees and costs up through the payment of the appraisal award and that, therefore,

Plaintiff's Motion is "unnecessary and premature." ECF No. 16, at 1. Plaintiff did not file a reply.

Notably, as of the date of this Report, Defendant has not filed an Answer to the June 30, 2021 Complaint, despite the lifting of the stay in February 2022.

## II.    APPLICABLE LEGAL STANDARDS

In the Motion, Plaintiff seeks attorney's fees and costs pursuant to Section 627.428, Florida Statutes. In diversity cases such as the instant case, a party's right to attorney's fees is determined by state law. *Prime Ins. Syndicate, Inc. v Soil Tech Distribs., Inc.*, 270 F. App'x 962, 963 (11th Cir. 2008) (citing *All Underwriters v. Weisberg*, 222 F.3d 1309, 1311 (11th Cir. 2000)). Pursuant to Section 627.428, Florida Statutes, an insured is entitled to attorney's fees as follows:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court . . . shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1) (2021).

In Florida, an award of attorney's fees is considered to be in derogation of the common law, and, therefore, statutes providing for the recovery of attorney's fees are strictly construed. *Ins. Co. of N. America v. Lexow*, 937 F.2d 569, 573 (11th Cir. 1991) (citing *Roberts v. Carter*, 350 So. 2d 78, 78–79 (Fla. 1977)). When evaluating a motion for attorney's fees under Section 627.428, "[t]he paramount condition is the entry of a judgment against the insurer and in

5

favor of the insured." *Travelers Indem. Co. v. Chisholm*, 384 So. 2d 1360, 1361 (Fla. 2d DCA 1980) (analyzing a motion for fees under Section 627.428(1), Florida Statutes).[1]

Despite the condition of "entry of a judgment against the insurer," Florida courts have allowed recovery of fees in the absence of a judgment when an insured obtains the "functional equivalent of a confession of judgment or a verdict" in the insured's favor. *Wollard v. Lloyd's & Cos. of Lloyd's*, 439 So. 2d 217, 218 (Fla. 1983). When an insurance company "pays policy proceeds after suit has been filed but before judgment has been rendered, the payment of the claim constitutes the functional equivalent of a confession of judgment or verdict in favor of the insured, thereby entitling the insured to attorney's fees." *Lopez v. Scottsdale Ins. Co.*, No. 20-20112, 2021 WL 5920725, at *1 (S.D. Fla. Nov. 17, 2021) (quoting *Ivey v. Allstate Ins. Co.*, 774 So. 2d 679, 684–85 (Fla. 2000)), *adopted* 2021 WL 5919048 (S.D. Fla. Dec. 14, 2021) (Cooke, J.). Therefore, "an insured may seek attorneys' fees even before the Court explicitly enters a favorable judgment." *Id.* (citing *Sands on the Ocean Condo. Ass'n v. QBE Ins. Corp.*, 05-14362, 2012 WL 6217497, at *2 n.3 (S.D. Fla. Dec. 14, 2012) ("Florida law also allows an award of attorney's fees, even if there is no entry of final judgment or confirmation, when the insurer makes a payment after the lawsuit was filed because the payment operated as a confession of judgment.")).

---

[1] "Because they are virtually the same, whether the fees are predicated upon Florida Statute Section 626.9373 or Section 627.428 is a distinction without a difference. These two fee-shifting statutes are applied using the same analytical framework and require an award of fees to the prevailing insured in coverage matters. Courts in this District have applied the two attorney's fees provisions as 'nearly identical.'" *Arvat Corp. v. Scottsdale Ins. Co.*, No. 14-22774, 2016 WL 5795122, at *2 n.3 (citing *Lumpuy v. Scottsdale Ins. Co.*, No. 11-2455, 2015 WL 1708875, at *3 n.2 (M.D. Fla. Apr. 15, 2015)), *adopted* No. 14-22774, 2016 WL 5661633 (S.D. Fla. Sept. 30, 2016).

6

### III.   DISCUSSION

With the foregoing in mind, the undersigned turns to the issue of whether Plaintiff is entitled to an award of attorney's fees and costs at this juncture in the instant case.

#### A.   *Ripeness of Plaintiff's Motion for Fees and Costs*

In the Motion, Plaintiff seeks an Order determining entitlement to attorney's fees and costs pursuant to Section 627.428, Florida Statutes. *See* ECF No. 15, at 2. As mentioned above, prior to the start of this action, Defendant issued payment in the amount of $433.51 for certain undisputed repairs covered under the Policy. *See* Complaint, at ¶ 8. Thereafter, Defendant invoked appraisal on January 22, 2021, pursuant to the Policy. *Id.* ¶ 10. On June 30, 2021, Plaintiff brought the instant lawsuit to compel completion of the appraisal process and for breach of contract. *See generally* Complaint. On December 28, 2021, after the lawsuit had been filed, Defendant issued a payment for $3,773.29 for certain line items identified in the appraisal award that, according to Defendant, were covered under the Policy. *See* ECF No. 10-1, at 4. Defendant also conceded coverage for Plaintiff's reasonable attorney's fees up to the time of the appraisal award. *Id.* at 5.

Thus, based on the Defendant's payment of some amounts after Plaintiff's lawsuit had been filed, together with Defendant's concession of coverage for attorney's fees and costs up to the time of the appraisal award, the undersigned finds that, based on the current record, Plaintiff is entitled to reasonable fees and costs up to the time of the appraisal award.

Nevertheless, although Defendant issued payments to Plaintiff under the Policy and, in so doing, has conceded that coverage is available, based on the record before the Court, it does not appear that Defendant has paid for *all* of the loss amounts Plaintiff sought under the appraisal award, nor is there any indication Plaintiff has agreed to release Defendant from

7

payment of additional amounts based on the payments made to date. To the contrary, it appears that coverage for the additional items identified in the appraisal award remains in dispute, and, as such, the litigation is ongoing.

Florida's courts follow the "confession of judgment doctrine," pursuant to which an insured may be entitled to attorneys' fees and costs when payment is issued by an insurer after suit has been filed, but before an actual judgment is entered. *See Royale Green Condo. Ass'n v. Aspen Specialty Ins. Co.*, No. 07-21404, 2009 WL 799428, at *3 (S.D. Fla. Mar. 24, 2009) (Cooke, J.); *see also Johnson v. Omega Ins. Co.*, 200 So. 3d 1207, 1215 (Fla. 2016) ("[I]t is well settled that the payment of a previously denied claim following the initiation of an action for recovery, but prior to the issuance of a final judgment, constitutes the functional equivalent of a confession of judgment."). However, when questions remain as to the scope of coverage, a motion to tax fees and costs is premature, despite the fact that the insurer agreed to and paid for some coverage after the filing of the suit. *See Gonzalez Quevedo v. Scottsdale Ins. Co.*, No. 19-22688, 2019 WL 5260275, at *2 (S.D. Fla. Aug. 29, 2019), *adopted* 2020 WL 9460223 (S.D. Fla. Feb. 25, 2020) (denying without prejudice plaintiffs' motion to tax attorney's fees and costs as premature because the matter was still in dispute).

In the instant case, Plaintiff's claims regarding the scope of coverage and for breach of contract damages remain pending notwithstanding Defendant's post-suit payment. Indeed, in their Joint Motion to Lift Stay, the Parties asked the Court to lift the stay "so that they can litigate the issue of which of the disputed elements of the appraisal award, if any, are covered under the Policy, and any other issues that remain to be resolved on the breach of contract claim." ECF No. 10, at ¶ 7.

Accordingly, despite Defendant's concession that Plaintiff is entitled to reasonable attorney's fees and costs up through the payment of the appraisal award, the undersigned finds there remain issues to be litigated and to be determined by the Court, *i.e.*, "which elements of the appraisal, if any, are covered under the Policy, and . . . the causes(s) of the damage appraised if there is any post-appraisal disagreement concerning causation for any and all line items included in the appraisal award as entered pursuant to the Policy and applicable law." ECF No. 7. *See Arvat Corp.*, 2016 WL 5795122, at *5 (denying plaintiff's motion for determination of entitlement to reasonable attorney's fees and costs because "[t]he Court has not yet determined whether the damages claimed by Plaintiff are, in fact, covered by the policy"); *Cf. Lopez*, 2021 WL 5919048, at *2 (granting plaintiff's motion for entitlement to attorney's fees and costs after appraisal was complete and defendant had tendered to plaintiff's counsel "the full amount owed following appraisal").

Because Plaintiff's claims asserted in the Complaint remain pending, Plaintiff's Motion for Entitlement to Attorney's Fees and Costs is premature.[2] Therefore, the undersigned recommends the Motion be denied without prejudice to renew the request, if appropriate, at the conclusion of the litigation, and in compliance with Local Rule 7.3(a).

### B. *Defendant's Failure to Answer or Otherwise Respond to the Complaint*

On *sua sponte* review of the record, the undersigned finds that Defendant has failed to file a timely response to the Complaint. As indicated above, the Complaint was filed in June 2021 and removed to this Court on August 27, 2021. [ECF No. 1]. Although the case was

---

[2] The undersigned notes Plaintiff's representation that the Motion was filed "in an abundance of caution to preserve the record." ECF No. 15, 3. Given the undersigned's determination that the Motion is premature, preservation of the record is unnecessary. *See* S.D. Fla. L.R. 7.3(a).

temporarily stayed upon agreement of the Parties and an Order from the District Court, [ECF No. 7], the Court lifted the stay on February 8, 2022. [ECF No. 12]. Therefore, more than two months have passed since the stay was lifted, yet Defendant has not filed an Answer or otherwise responded to the Complaint. *See* Fed. R. Civ. P. 12(a)(1)(A) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint . . . .").

Federal Rule of Civil Procedure 55 provides that the clerk shall enter a party's default if the party fails to plead or otherwise defend an action brought against it, and this "failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Therefore, entry of default is appropriate under the circumstances presented.

## IV.    RECOMMENDATIONS

For all the reasons set forth above, the undersigned respectfully recommends that Plaintiff's Motion for Entitlement to Attorney's Fees and Costs [ECF No. 15] be **DENIED WITHOUT PREJUDICE** to refile, in compliance with all federal and local rules, upon the conclusion of the litigation.

The undersigned further recommends the Court issue an order to show cause why default should not be entered due to Defendant's failure to timely file an Answer or otherwise respond to the Complaint.

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Court Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal

conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 12th day of April 2022.

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable Marcia G. Cooke, U.S. District Judge
        Counsel of Record